UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTCKY
FRANKFORT DIVISION

Civil Action No. 21-5-HRW

BRYAN M. PERRY,                                                    PLAINTIFF,

v.                    **MEMORADUM OPINION AND ORDER**

WELLS FARGO BANK, N.A.,                                            DEFENDANT.

This matter is before the Court upon Defendant Well Fargo Bank, N.A.'s Motion to Dismiss [Docket No. 7]. The matter has been fully briefed by the parties [Docket Nos. 10 and 12]. For the reasons set forth herein, the Court will sustain the motion.

**I.**

This case rises from the foreclosure sale of Plaintiff's property at located at 39 Plantation Drive in Shelbyville, Kentucky. [Complaint, Docket No. 1-1, ¶ 4].

Wells Fargo Bank, N.A. ("Wells Fargo") owned a mortgage on the property and subsequently sought foreclosure. *Id.* at ¶¶ 6-8. At the foreclosure sale, Wells Fargo purchased the property for $340,000.00. *Id.* at ¶ 17.

In his Complaint, Plaintiff contends that the sale of the property was "fraudulent, otherwise unlawful and improper." *Id.* at ¶ 26. He specifically challenges the propriety of the appraisals conducted prior to the sale. Plaintiff claims that the property was appraised by Larry Rogers and Christi Eye, who were "not [] licensed appraiser[s] and certified appraiser[s] as set forth and required under KAR 30:190 and KRS 324A.035." *Id.* at ¶¶ 27-28. He alleges that Rogers and Eye appraised the property at $410,000.00 when, in fact, "[a] real estate agent

1

provided Plaintiff with a written opinion that the [it] should have sold for over $700,000.00." *Id.* at ¶¶ 19, 23.

As to Wells Fargo, Plaintiff alleges that it "knew or should have known" of the improper appraisals. Included in the Complaint are allegations of fraud. Plaintiff seeks monetary damages, including the difference between the "actual value" of the property and the purchase price.

Plaintiff filed his Complaint, *pro se*, in Shelby County Circuit Court. The matter was subsequently removed to this Court. [Docket No. 1].

Wells Fargo seeks dismissal of all allegations herein pursuant to Fed.R.Civ.P. 12(b)(6). Its argument is three-fold: first, Wells Fargo argues that played no role in the appointment of Larry Rogers and Christi Eye and their subsequent appraisal of the Property; second, it claims that the Complaint does not meet the standards set forth in Fed.R.Civ.P. 8; and, finally, it argues that Plaintiff's claim of fraud is insufficiently pled under Fed. R. Civ. P. 9(b).

## II.

Dismissal of a complaint is warranted under Rule 12(b)(6) if it fails to state a claim upon which relief can be granted.

The Supreme Court held in *Bell Atlantic Corp. v. Twombly,* 550 U.S.544 (2007) that to in order to survive a motion to dismiss under Rule 12(b)(6) a complaint must contain (1) enough facts to state a claim to relief that is plausible; (2) more than a formulaic recitation of a cause of actions' elements; and (3) allegations that suggest a right to relief above a speculative level. *Estate of Ezra G. Smith v. United States,* 509 Fed.Appx. 436, 439 (6th Cir. 2012). (internal citation omitted).

"Conclusory assertions, *e.g.*, that...[the] defendants engaged in 'outrageous' and 'unlawful' behavior...are insufficient to state a claim that is plausible on its face." *Ogle v. Columbia Gas Transmission, LLC,* 513 Fed.Appx. 520, 522-523 (6th Cir. 2013).

The "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.,* 520 F.3d 516, 519 (6th Cir. 2008) (internal citation omitted). As the Sixth Circuit emphasized in *Bishop*, " [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.*

Even under Rule 12(b)(6)'s liberal pleading standard, " a complaint containing a statement of facts that merely creates a **suspicion** of a legally cognizable right of action is insufficient." *Id.* (internal citations omitted)(emphasis in original). *See also Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988)(holding that "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").

### III.

The salient allegations in the Complaint are as follows:

> Defendant intentionally lowered the value of the Real Property and did so recklessly and with malice toward[s] Plaintiff. [Docket No. 1-1 ¶ 12]. Wells Fargo knew, or should have known that the appraisal was improper and insufficient under the law. *Id.* at ¶¶ 38-39. Defendant was in possession and custody of a licensed appraisal of the property at a much greater value than that of the appraisal submitted by
> Larry Rogers and Christi Eye. *Id.* at ¶¶ 40-41. Wells Fargo was aware the property had more square footage than what was reported on the appraisals. *Id.* at ¶ 42. Wells Fargo knew, or should have known, the property was worth substantially more than the appraisals filed in the foreclosure action. *Id.* at ¶ 43. Wells Fargo knew, or should have known, that Plaintiff would suffer significant damages based on the improper appraisals. *Id.* at ¶ 44. Wells Fargo knew, or should have known, that it stood to benefit from the damages incurred by Plaintiff based on the improper appraisals. *Id.*

3

> at ¶ 45. Defendant Wells Fargo made material representations to Plaintiff, these misrepresentations were false, Defendant knew the misrepresentations were false, Defendant acted with malice toward Plaintiff; Defendant acted recklessly, and Plaintiff relied on Defendant's misrepresentations and Plaintiff was thus caused to suffer injury. *Id.* at ¶ 51.

[Docket No. 1-1].

Wells Fargo argues that Plaintiff's Complaint does not provide any pertinent facts related to the specific issues with the appraisals, the source of any duty owed by Wells Fargo, how Wells Fargo "knew, or should have known" of the purported wrongful damage, alleged communications and interactions with Wells Fargo, or actions taken (or omissions made) by Wells Fargo. It further contends that the Complaint consists of only bare assertions and falls short of any federal pleading standard. The Court agrees.

### A.

With regard to the appraisals, there is nothing in the Complaint that states or even suggests that Wells Fargo was involved with the selection of appraisers. Indeed, the initiator of foreclosure proceedings is precluded, by statute, to be involved in the foreclosure. *See* Ky. Rev. Stat. Ann. 426.520(1).

If Wells Fargo were somehow conspiring with these appraisers to swindle Plaintiff, the specific facts should be alleged in the Complaint. They are not. As set forth *supra*, a **suspicion** of a legally cognizable right of action is insufficient.

### B.

The allegations of material misrepresentation are similarly deficient. Glaringly absent are specific, relevant facts; the who, what, where and when are not alleged. Plaintiff provides only a general claim. This is inadequate under Federal pleading standards. While only "short and plain

statement of the claim," is required, the allegations must "show that the pleader is entitled to relief." Fed.R.Civ.Proc.8. In other words, they must be more than conclusory allegations. Yet, the entirety of Plaintiff's Complaint is made up of only conclusory assertions that Wells Fargo acted unlawfully. Without facts, these assertions are insufficient to state a claim that is plausible on its face. As such, dismissal is warranted.

## C.

As to fraud, the Complaint fails. Fraud or mistake must be plead with "particularity." Fed.R.Civ.Proc.9. A party alleging fraud must set forth specifics. To satisfy Rule 9, Plaintiff must specify "precisely what was omitted; who should have made a representation; the content of the alleged omission and the manner in which the omission was misleading; and (4) what [Wells Fargo] obtained as a consequence of the alleged fraud." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 256 (6th Cir. 2012).

Plaintiff's vague claim of fraud does not set forth any of the facts required by Rule 9 and must, therefore, be dismissed.

## D.

Although *pro se* litigants are given some leeway, the lenient treatment has limits. *See generally Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) and *Weaver v. Estes*, No. 4:04CVP144M, 2005 WL 2388284, at *1 (W.D. Ky. Sept. 26, 2005). "*[P]ro se* litigants still must meet basic pleading requirements." *Wesley v. Accessible Home Care*, No. CV 5: 18-200-DCR, 2018 WL 2709318 at *1 (E.D. Ky. June 5, 2018). The Court must dismiss a case, *pro se* or not, if it determines the action fails to state a claim upon which the Court may grant relief. *See Duncan v. Kentucky*, No. 10-CV-56-HRW, 2010 WL 2889596, at *1 (E.D. Ky. July 21, 2010). Plaintiff's *pro se* status does not excuse a wholly inadequate pleading.

Further, the Court notes that in his response to Defendant's dispositive motion, Plaintiff does not address any argument made by Wells Fargo. This in and of itself provides basis upon which to dismiss this civil action.

IV.

Plaintiffs' Complaint falls short. Innuendo, intrigue, and invective are insufficient under Rule 12(b)(6) as well as Rule 9. Plaintiff has failed to state a any claim against Wells Fargo upon which relief may be granted.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Well Fargo Bank, N.A.'s Motion to Dismiss [Docket No. 7] be **SUSTAINED** and that this matter be **DISMISSED WITH PREJUDICE**.

This 24th day of May 2021.

Signed By:
_Henry R Wilhoit Jr._
United States District Judge